MATTER OF SURZYCKI

In Deportation Proceedings

A-13968349

*Decided by Board April 23, 1969*

Since section 243(h) of the Immigration and Nationality Act, as amended, does not encompass restraints on freedom of speech of an alien in his native country, a native and citizen of Poland who contends that if, upon return to his native country, he expresses himself freely, he would incur the displeasure of the authorities and probably be subjected to some sort of punitive treatment, has not established thereby that he would be subjected to persecution within the meaning of section 243(h) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—exchange visitor—remained longer.

ON BEHALF OF RESPONDENT:
Norman von Rosenvinge, Esquire
21 Beacon Street
Boston, Massachusetts 02108
(Brief filed)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The proceedings come forward on appeal from the decision of the special inquiry officer who found respondent deportable as charged, and ordered his deportation to Poland after respondent declined to apply for the privilege of voluntary departure. Respondent's application for temporary withholding of deportation to Poland pursuant to section 243(h) of the Immigration and Nationality Act was denied. He concedes that he is deportable as charged.

The respondent is a 33-year-old married male alien, a native and citizen of Poland, who was admitted to the United States on or about October 10, 1964 as an exchange visitor and was authorized to remain until October 9, 1967. He remained in the country thereafter without permission.

The special inquiry officer in his decision reviewed at length all of the evidence presented to show that respondent feared persecu-

tion if he should return to his native country. He came to the conclusion, as do we, that respondent has not sustained the burden of proving that he would be subjected to persecution because of his race, religion or political opinion and is entitled to relief from deportation under section 243 (h) of the Act.

It is not necessary for us to again set forth in detail the evidence submitted. We conclude that as far as the record shows this respondent is in no different position than any other Polish person in Poland, and there is nothing here to show he would in any way be singled out for persecution as claimed. He is a highly educated person, and his studies in the United States were, for the most part of his stay here, financed by the Polish authorities. He came here as an exchange visitor under the Soviet and Eastern European Exchange Program of the United States Department of State. The object of this program is that those persons selected come to the United States for advanced studies and research and then they are to return to their countries where such education will be of benefit to their nations.

The gist of respondent's argument is that there now prevails in Poland an anti-intellectual climate in which the Polish authorities discourage and take a dim view of scientists and other educated intellectuals who try to speak freely in their chosen fields, where such speech contravenes the political philosophy of the government. The respondent contends that in view of this anti-intellectual climate, which has intensified recently, if he went back to Poland and expressed himself freely, he would incur the displeasure of the authorities and probably be subjected to some sort of punitive treatment.

There is no indiciation that the Congress enacted section 243 (h) of the Act with a view of guaranteeing an alien freedom of speech in the country of his nativity, and if he is not afforded this by his government, then it could be considered that he was being persecuted. We do not interpret section 243 (h) as covering this situation. There are many totalitarian governments in the world today which do not brook dissent of any nature. We do not hold that an alien who feels compelled to espouse in his native country beliefs which are looked upon with disfavor by his government is thereby being persecuted if the government acts against him.

The respondent has not met the burden of proving that he would be singled out as an individual and persecuted upon his re-

turn to his native country. Accordingly, we will dismiss the appeal.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.